IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM RICHARD PRYOR | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv434 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner William Richard Pryor, formerly an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Discussion

Petitioner filed this petition seeking consideration for placement in a residential reentry center and/or home confinement.

## The Motion to Dismiss

The respondent has filed a motion to dismiss the petition (ECF No. 14). The respondent states petitioner has been released from custody since the petition was filed. Additionally, the respondent contends that some of petitioner's claims are not cognizable under the habeas statute. Accordingly, the respondent contends petitioner's petition for writ of habeas corpus should be dismissed.

## Analysis

*Habeas Corpus*

Title 28 U.S.C. § 2241 gives the district court authority to grant a writ of habeas corpus where a prisoner "is in custody under or by color of the authority of the United States or is committed for trial before some court thereof" or "is in custody in violation of the Constitution or

laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) and (3). Section 2241 is the proper vehicle to attack the manner in which a sentence is being executed. *Ojo v. INS*, 106 F.3d 680,683 (5th Cir. 1997).

Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Federal Bureau of Prisons,* 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor,* 407 F.2d 281, 283 (5th Cir. 1969) and *Bailey v. Southerland,* 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirement that an actual controversy exist at all stages of federal court proceedings. *Bailey,* 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issue it presents." *Adair v. Dretke,* 150 Fed. App'x 329, 331 (5th Cir. 2005) (citation omitted).

A case may become moot when an "intervening factual event ... causes the [petitioner] to no longer have a present right to be vindicated or a stake or interest in the outcome." *See Dailey v. Vought Aircraft Co.,* 141 F.3d 224, 227 (5th Cir. 1998) (citations omitted). Here, petitioner has been released from the Bureau of Prisons; thus, an intervening factual event caused petitioner to no longer have a present right to be vindicated. Therefore, the court cannot grant the relief sought, and the petition is moot. Accordingly, the respondent's motion to dismiss should be granted.

### Recommendation

The respondent's motion to dismiss should be granted. The above-styled petition for writ of habeas corpus should be dismissed without prejudice.

### Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 12th day of December, 2022.

_____
Zack Hawthorn
United States Magistrate Judge